IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY LEAKS, ) | |
| on behalf of herself and others ) | |
| similarly situated, ) | |
| ) | 08 C 1395 |
| Plaintiff, ) | |
| vs. ) | Judge Marovich |
| ) | |
| BARCLAYS BANK PLC; and ) | Magistrate Judge Mason |
| DOES 1-5, ) | |
| ) | **JURY DEMAND** |
| Defendants. ) | |

## JOINT STATUS REPORT

Pursuant to this Court's standing Order, the parties, having conferred, submit the following Joint Status Report:

**A.**   The matter is set for the initial status before the Court on June 10, 2008 at 10:00AM.

**B.**   The attorneys of record in the case are:

For defendant:

Steven A. Levy
Goldberg, Kohn, Bell, Black
Rosenbloom and Moritz, Ltd.
55 E. Monroe, Suite #3300
Chicago, IL 60603
(phone) 312-201-3965

Mr. Levy would try the case.

For plaintiff:

Al Hofeld, Jr.
Law Offices of Al Hofeld, Jr., LLC
208 S. LaSalle, Suite #1650
Chicago, IL 60604

1

(phone) 312-345-1004

Mr. Hofeld would try the case, provided his application to the trial bar is approved.

### C.     Jurisdiction:

The basis of federal jurisdiction is subject matter; plaintiff brings federal claims under the Truth In Lending Act, 15 U.S.C. Sect. 1601, et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The Court also has subject matter jurisdiction under 28 U.S.C. Sect. 1331 (general federal question) and 28 U.S.C. Sect. 1337 (interstate commerce).

### D.     Plaintiff filed a **jury demand.**

### E.     Nature of the Case:

In her amended complaint, plaintiff alleges, with respect to her January 26, 2007 loan transaction, that the originating creditor, New Century Mortgage Corporation, now bankrupt, violated TILA in four ways. Plaintiff alleges that New Century failed to provide her, at closing, with (1) any TILA Disclosure Statement to keep and (2) any federal Notice of Right to Cancel forms to keep. Plaintiff alleges that when she received her copy of the closing documents in the mail about two weeks later, (3) she received only one copy of the Notice of Right to Cancel (instead of the two required) and (4) the TILA Disclosure Statement did not properly disclose the schedule of repayments, in violation of Regulation Z.

Plaintiff's Count I is an individual TILA rescission claim against the last assignee of the loan, defendant Barclays Bank PLC ("Barclays"). (Plaintiff's loan was paid off in full July, 2007.) Plaintiff's Count II is a class claim against defendant Barclays for all New Century loans it purchased or holds where the standardized form TILA Disclosure Statement has the same, alleged, payment schedule violation.

Defendant has not yet answered or otherwise pled to the amended complaint. By agreement, it will do so by June 13, 2008.

### 1.     Major factual and legal issues in agreement:

Defendant does not dispute that plaintiff received a loan originated by New Century and that such loan was ultimately assigned to defendant. Defendant is researching plaintiff's specific allegation.

### 2.     Major factual and legal issues in dispute:

Defendant was only recently joined to the case is researching the factual and legal issues presented by the case.

Defendant may dispute whether plaintiff can rescind a loan that has already been paid off.

Defendant may dispute whether a TILA rescission class can be certified.

### F.     Relief Sought:

First, plaintiff seeks rescission of her loan. In a situation where the loan has already been paid off, and applying the TILA rescission formula, plaintiff clams she is entitled to a cash refund of all of the finance charges she paid in connection with the loan – estimated to be $15,469.13. Plaintiff is also entitled to statutory damages for violation of TILA ($2,000) and statutory damages for refusal to rescind ($2,000).

Second, plaintiff seeks to certify a class of borrowers who would be given the option to rescind, if they chose to do so. Plaintiff cannot compute or approximate the damages at this time because the size of the proposed class, as well as the number of people who could be expected to opt for rescission, are unknown. Plaintiff will obtain at least some of this information through discovery.

    **G.**    **Service:**

On June 2, 2008, counsel for Barclays Bank PLC accepted service of process on behalf of his client. All parties have now been served.

    **H.**    **Anticipated motions:**

Plaintiff anticipates filing a motion for class certification and a motion for summary judgment. Defendant anticipates moving to strike the class allegations and may file a cross motion for summary judgment. The parties are aware that the Seventh Circuit currently has under advisement the issue of whether a TILA rescission class can be certified, and the parties will confer as to the best manner in which to present this issue to the Court.

    **I.**    **Proposed Discovery Plan:**

No discovery has been taken to date. The parties propose the following discovery plan:

    1.    Exchange of F.R.C.P. 26(a)(1) disclosures: June 20, 2008.

    2.    Fact discovery cut-off: October 18, 2008. The major discovery issues in the case are: (1) numerosity, i.e., how many loans originated by New Century and purchased by defendant within the class period; (2) identification of members of the class; and (3) the facts and circumstances of plaintiff's loan from New Century.

    3.    Plaintiff does not anticipate the need for expert discovery, and defendant has not yet determined whether it may need expert discovery in this case.

    **J.**    **Trial:**

The parties could be ready for trial on January 1, 2009. Estimated length of trial: three days.

    **K.**    **Status of Settlement:**

The parties have not had settlement discussions. Plaintiff does not yet know the size of the proposed class.

**L.     Consent to Magistrate:**

The parties do not unanimously consent to trial before a magistrate judge.

| For plaintiff: | For defendant: |
|---|---|
| s/Al Hofeld, Jr. | s/Steven A. Levy |
| Al Hofeld, Jr. | Steven A. Levy |
| | |
| Al Hofeld, Jr. | Steven A. Levy |
| | |
| LAW OFFICES OF AL HOFELD, JR., LLC | GOLDBERG KOHN |
| and The Social Justice Project, | 55 East Monroe, Suite #3300 |
| 208 S. LaSalle Street, Suite #1650 | Chicago, IL 60603 |
| Chicago, Illinois 60604 | Phone - (312) 201-3965 |
| Phone - (312) 345-1004 | Fax – (312) 863-7465 |
| Fax - (312) 346-3242 | Steven.Levy@goldbergkohn.com |
| al@alhofeldlaw.com | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Al Hofeld, Jr., attorney for plaintiffs, hereby certify that on June 4, 2008, notice and service of the attached *Joint Status Report* was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

 s/Al Hofeld, Jr.
 Al Hofeld, Jr.